```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| PAULA A. H. NEWBERRY,<br><br>     Plaintiff,<br><br>v.<br><br>PINNACLE AIRLINES,<br><br>     Defendant. | No. 2:13-cv-02934-JPM-dkv |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION FOR <u>SUA SPONTE</u> DISMISSAL**
**ORDER GRANTING LEAVE TO AMEND**
**AND**
**ORDER REFERRING PLAINTIFF'S ADA CLAIM**

Before the Court is the Magistrate Judge's "Report and Recommendation for <u>Sua Sponte</u> Dismissal" (the "Report and Recommendation"), filed January 3, 2014.  (ECF No. 4.)  In the Report and Recommendation, the Magistrate Judge "recommend[s] that [Plaintiff's] complaint be dismissed in full for failure to state a claim upon which relief can be granted."  (<u>Id.</u> at 1.)  On January 17, 2014, Plaintiff timely filed an Objection to the Report and Recommendation.  (ECF No. 5.)  In the Objection, Plaintiff states, "The medical condition I am referring to for which I am taking the TRAMADOL HCL 50 MG for is CHRONIC PELVIC PAIN.  Also attached is the note from my physician lowering the

dosage of the medication to satisfy Pinnacle Airlines policy on prescribed medication. . . ."[1] (ECF No. 5 at 2.)

For the reasons stated below, the Report and Recommendation is ADOPTED IN PART as to Plaintiff's Title VII claim. Plaintiff's Americans with Disabilities Act ("ADA") claim is hereby REFERRED to the Magistrate Judge for report and recommendation as to whether it satisfies the screening requirements of 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b) in light of the material contained in Plaintiff's Objection.

I. STANDARD OF REVIEW

The Court explains the standard of review relevant to the Report and Recommendation and then the standard of review applicable to dismissal for failure to state a claim upon which relief can be granted.

A. Review of the Report and Recommendation

Pursuant to federal statute,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

---

[1] The Court construes Plaintiff's Objection as a Motion for leave to amend the Complaint. The time for Plaintiff to amend her Complaint as a matter of course has elapsed. See Fed. R. Civ. P. 15(a)(1). Therefore, Plaintiff may amend her Complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Leary v. Daeschner, 349 F.3d 888, 905 (6th Cir. 2003). Because filings drafted by pro se litigants "ought to be held to less stringent standards than formal pleadings drafted by lawyers, and should be liberally construed," the Court GRANTS Plaintiff leave to amend her Complaint to add the material included in her Objection (ECF No. 5). Kraus v. Taylor, 715 F.3d 589, 597 (6th Cir. 2013) (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)) (alteration and internal quotation marks omitted).

>       which objection is made.  A judge of the court may
>       accept, reject, or modify, in whole or in part, the
>       findings or recommendations made by the magistrate
>       judge.  The judge may also receive further evidence or
>       recommit the matter to the magistrate judge with
>       instructions.

28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).  As to those portions of the Report and Recommendation to which no timely objection was filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

**B.   The Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a claim for "failure to state a claim upon which relief can be granted."  "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).

A plaintiff asserting Title VII claims must set forth "enough facts to state a claim to relief that is plausible on its face."  Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted); see also Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir. 2012).  "A claim is plausible on its face if the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

Under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Ortega v. U.S. Immigration and Customs Enforcement, 737 F.3d 435, 443 (6th Cir. 2013) (quoting Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)) (internal quotation marks omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted) (internal quotation marks omitted).

## II. ANALYSIS

The Court first addresses the recommendation as to Plaintiff's Title VII claim. The Court then addresses the

recommendation as to Plaintiff's ADA claim, to which Plaintiff filed an Objection.

**A.  Plaintiff's Title VII Claim Is Dismissed for Failure to State a Claim upon Which Relief Can Be Granted.**

Plaintiff's Objection did not raise an issue as to the Magistrate Judge's recommendation that Plaintiff's Title VII claim be dismissed for failure to state a claim upon which relief can be granted.  (See ECF No. 4 at PageID 17; ECF No. 5.)[2]  The Court, therefore, reviews the recommendation as to the Title VII claim for clear error.  See Fed. R. Civ. P. 72(b) advisory committee notes.

"[S]o long as a complaint provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)."  Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir. 2012) (citing Lindsay v. Yates, 498 F.3d 434, 439-40 (6th Cir. 2007)).  "Title VII does not cover . . . disability discrimination claims.  The appropriate remedy for . . . disability discrimination claims comes from the . . . ADA . . . ."  Clark v. City of Dublin, Ohio, 178 F. App'x 522, 524 (6th Cir. 2006) (citations omitted).  Plaintiff's claim that she was terminated because of her "need for special medication

---

[2] When documents are not internally paginated, or when a single filing contains multiple documents, the Court refers to the Page Identification ("PageID") number located at the top right of documents filed on the Case Management/Electronic Case Files system.

5

prescribed by physician" (ECF No. 1 at PageID 2) is not within Title VII's reach.  See 42 U.S.C. § 2000e-2(a).

On clear-error review, therefore, the Report and Recommendation is ADOPTED IN PART as to Plaintiff's Title VII claim.

**B.   Plaintiff's ADA Claim Is Referred to the Magistrate Judge for Report and Recommendation as to Whether It States a Claim upon Which Relief Can Be Granted.**

As noted by the Magistrate Judge, "it appears from the factual allegations in the complaint that [Plaintiff] is attempting to bring a claim under" the ADA.  (ECF No. 4 at PageID 17-18.)  The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  "Disability" is defined in the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  Id. § 12102(1)(A)-(C).  A person is "regarded as" having a disability "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental

impairment whether or not the impairment limits or is perceived to limit a major life activity." Id. § 12102(3)(A).

The Magistrate Judge recommended that Plaintiff's ADA claim be dismissed pursuant to Rule 12(b)(6) for the following reasons:

> [Plaintiff's] complaint does not contain any allegations that she is "disabled" or perceived as disabled within the meaning of the ADAAA. She merely states that she was taking a prescription medicine. She does not identify the medication or the underlying medical condition for which she was prescribed the medication. She does not allege that the underlying medical condition has resulted in a physical or mental impairment that substantially limits one or more life activities. Accordingly, Newberry fails to state a claim for disability discrimination under the ADA as amended by the ADAAA.

(ECF No. 4 at PageID 19-20.)

In her Objection, Plaintiff states that "upon reporting my medication, Tramadol HCL 50 MG, I was taken off of flight duty AS SOON AS all my exams were passed, graduated and was ready for work." (ECF No. 5 at 1-2.) Plaintiff also attached an August 18, 2010, note from her physician, Ramune Filipcic, M.D., which states as follows:

> [Plaintiff] has very little drowsiness while taking tramadol [sic] and is able to perform her job duties. To further minimize the risk of sleepiness, the dose of medication has been lowed [sic] to one half of the original dose.

(ECF No. 5-1 at PageID 41.)

7

The Court has allowed Plaintiff to amend the Complaint (ECF No. 1) in order to include the material added in her Objection. See supra at 2 n.1. In light of the additional material, the Court hereby REFERS Plaintiff's ADA claim to the Magistrate Judge for report and recommendation as to whether it satisfies the screening requirements of 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b), i.e., whether it states a claim upon which relief can be granted under 42 U.S.C. §§ 12102(1)(A)-(C), 12112(a).

**III. CONCLUSION**

For the reasons stated above, the Report and Recommendation is ADOPTED IN PART as to Plaintiff's Title VII claim. Accordingly, Plaintiff's Title VII claim is DISMISSED WITH PREJUDICE. See Hix v. Tenn. Dep't of Corr., 196 F. App'x 350, 354 (6th Cir. 2006) (noting that 28 U.S.C. § 1915(e)(2) requires a pro se complaint to "be dismissed with prejudice if it is frivolous or fails to state a claim.").

Pursuant to Local Rule 72.1(b)(18), the Court hereby REFERS Plaintiff's ADA claim to the Magistrate judge for report and recommendation in light of the additional material in Plaintiff's Objection (ECF No. 5).

**IT IS SO ORDERED,** this 29th day of January, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE